IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATESHA PATE and TIARRA MCGHEE,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**CHALIL BROTHERS INVESTMENTS, LLC d/b/a Vision Lounge and SIBI C. CHERIAN,**<br><br>**Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Latesha Pate and Tiarra McGhee bring this Fair Labor Standards Act against Defendants Chalil Brothers Investments, LLC d/b/a Vision Lounge and Sibi C. Cherian, showing the Court as follows:

### INTRODUCTION

1.

In this Fair Labor Standards Act ("FLSA") minimum wage action, Plaintiffs allege that Defendants failed to pay them minimum wages for their work as bartenders and required them to pay kickbacks out of their tip earnings for the benefit of Defendants.

1

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the Fair Labor Standards Act, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff Pate is a natural person residing in Fulton County, Georgia.

5.

Plaintiff McGhee is a natural person residing in DeKalb County, Georgia.

6.

Chalil Brothers Investments, LLC ("Chalil Brothers"), is a domestic limited liability company with its primary office in Gwinnett County, Georgia.

7.

Chalil Brothers can be served with process through its registered agent, Sibi Cherian, at 1234 Nash Springs Circle, Lilburn, GA 30047.

8.

Chalil Brothers is subject to the personal jurisdiction of this Court.

9.

Individual Defendant Sibi C. Cherian is a natural person residing in Gwinnett County, Georgia.

10.

Cherian can be served with process at his place of residence in Gwinnett County, Georgia, or wherever he may be found.

11.

Cherian is subject to the personal jurisdiction of this Court.

### FACTUAL ALLEGATIONS

**FLSA Coverage and Employment Relationship**

12.

Defendant Chalil Brothers owns and operates Vision Lounge, a restaurant, bar, and nightclub located at 2520 Piedmont Rd NE, Atlanta, Georgia.

13.

Defendant Cherian is a manager of Vision Lounge and a shareholder of Chalil Brothers Investments, LLC.

14.

Plaintiff Pate worked as a bartender at Vision Lounge from approximately August 21, 2021, through March 21, 2022.

15.

Plaintiff McGhee worked as a bartender at Vision Lounge from approximately October 21, 2021, through approximately mid-January 2022.

16.

At all relevant times, Chalil Brothers was Plaintiff Pate's "employer" within the meaning of 29 U.S.C. § 203(d).

17.

At all relevant times, Chalil Brothers was Plaintiff McGhee's "employer" within the meaning of 29 U.S.C. § 203(d).

18.

At all relevant times, Cherian was Plaintiff Pate's "employer" within the meaning of 29 U.S.C. § 203(d).

19.

At all relevant times, Cherian was Plaintiff McGhee's "employer" within the meaning of 29 U.S.C. § 203(d).

20.

Throughout 2021 and 2022, Chalil Brothers had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

Specifically, Chalil Brothers has had two or more employees handling or selling alcoholic beverages manufactured outside the State of Georgia and shipped from outside the State of Georgia.

22.

In 2021, Chalil Brothers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

In 2022, Chalil Brothers had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

At all relevant times, Chalil Brothers was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 206 (a).

**FLSA Violation**

25.

At all relevant times, Defendants misclassified Plaintiffs—and substantially all the other staff at Vision Lounge—as "independent contractors."

26.

At all relevant times, Defendants paid Plaintiffs no wages whatsoever and Plaintiffs worked for tips only.

27.

At all relevant times, Defendants required Plaintiffs to kick back over a third of their tips received to Defendants and their managerial employees.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

28.

At all relevant times Plaintiffs were employees of Defendants covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

29.

At all relevant times, Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage.

30.

At all relevant times, Defendants required Plaintiffs to pay kickbacks each shift that they worked.

31.

Defendants' practice of requiring Plaintiffs to pay kickbacks violated the FLSA's requirement that wages be paid "free and clear."

32.

Because Defendants violated the "free and clear" requirement of 29 CFR 531.35—among other reasons—they were not entitled to utilize the FLSA's tip-credit provision with respect to their minimum wage obligations to Plaintiffs.

33.

Plaintiffs are entitled to recover all minimum wages that Defendants failed to pay them during the course of their employment.

34.

Plaintiffs are entitled to recover from Defendants all kickbacks that they paid over the course of their employment.

35.

Plaintiffs are entitled to recover liquidated damages in an amount equal to their unpaid minimum wages and kickbacks pursuant to 29 U.S.C. § 216(b).

36.

Defendants are liable to Plaintiffs for their litigation costs, including reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That all claims be tried before a jury;
2. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid minimum wages and reimbursement of kickbacks, plus an additional like amount in liquidated damages;
3. That Plaintiffs be awarded costs of litigation, including reasonable attorney's fees; and

4. For such other and further relief as the Court deems just and proper.

This 14th day of April 2022,

                                                Respectfully submitted,

                                                **DELONG, CALDWELL, BRIDGERS,**
                                                **FITZPATRICK & BENJAMIN, LLC**

                                                *s/ Matthew W. Herrington*

101 Marietta Street                      Mitchell D. Benjamin
Suite 2650                                 Ga. Bar No. 049888
Atlanta, Georgia 30303                Matthew W. Herrington
(404) 979-3150                          Ga. Bar No. 275411
(404) 979-3170 (f)
benjamin@dcbflegal.com              Counsel for Plaintiffs
matthew.herrington@dcbflegal.com