IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LATESHA PATE, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | 1:22-CV-01454-ELR |
| | * | |
| CHALIL BROTHERS INVESTMENTS, LLC, *doing business as* Vision Lounge, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

Presently before the Court is Plaintiffs Latesha Pate's and Tiarra McGhee's "Motion for Leave to Amend Complaint to Add Plaintiffs." [Doc. 6]. By their motion, Plaintiffs "seek leave to amend the[] Complaint" they first filed on April 14, 2022 "to add Mikaela Armstead and Amenon Johnson as party Plaintiffs [to] this action." [See id. at 2]. Neither of the two Defendants named in this action filed a response to the motion and the time for doing so has expired, though neither has been served with process. See LR 7.1(B), NDGa.

"Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' i.e., without seeking court leave." Mayle v. Felix, 545 U.S. 644, 645 (2005). There is some disagreement between courts—including courts

within the Eleventh Circuit—as to whether a plaintiff may add or drop a party pursuant to Federal Rule of Civil Procedure 21 through an amendment as a matter of a course made pursuant to Federal Rule of Civil Procedure 15(a).  See McLellan v. Miss. Power & Light Co., 526 F.2d 870, 872 n.3 (5th Cir. 1976) (collecting cases on both sides of the disagreement), vacated in part on other grounds, 545 F.2d 919 (1977) (en banc); Henry v. Youngstown Buick/Pont/GMAC Truck Co., Civil Action No. 1:11-CV-3464-ODE-WEJ, 2012 WL 13009227, at *1 n.1 (N.D. Ga. May 30, 2012), report and recommendation adopted, 2012 WL 13013192 (June 28, 2012).  However, in McLellan v. Mississippi Power & Light Co.—a decision binding on this Court[1]—the Fifth Circuit suggested that a plaintiff may add or drop a party via an amendment as a matter of course.  See McLellan, 526 F.2d at 872–73.  The undersigned finds McLellan to be both controlling and persuasive, and, accordingly, finds that Plaintiffs do not need the Court's leave to file their First Amended Complaint because no Defendant has yet filed a responsive pleading in this action.  See id.

However, even if the Court's leave were required for Plaintiffs to file their First Amended Complaint, the Court would grant that leave.  "[T]he standard for deciding [a] motion for leave to file an amended complaint [i]s the same under either

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit.  See Bonner v. City of Prichard,, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[R]ule 15(a) or 21." Loggerhead Turtle v. Cnty. Council, 148 F.3d 1231, 1255 (11th Cir. 1998). Thus, "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of [the] amendment"—a court should "freely give[]" a plaintiff leave to amend her complaint to add or drop a party pursuant to Rule 21. See id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Upon review, the Court finds no "apparent or declared reason" to deny Plaintiffs the leave to amend they seek here. See id.

The Court closes by noting that there is no proof on the docket that Plaintiffs have served any Defendant with process in this action. [See Doc. 6 at 2] (Plaintiffs Latesha Pate and Tiarra McGhee admitting that service has not been effectuated). "The plaintiff is responsible for having the summons and complaint served within . . . 90 days after the complaint is filed." FED. R. CIV. P. 4(c)(1), (m). And where service is not made within the required 90 days, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. 4(m). Here, the time for Plaintiffs to perfect service on Defendants expired on July 13, 2022. See id.; [see also Doc. 1]. Accordingly, the Court will order Plaintiffs to, within twenty-one (21) days of the entry of this order, serve Defendants with process and file proof of such service on the docket.

For the reasons set forth above, the Court **GRANTS** Plaintiff's "Motion for Leave to Amend Complaint to Add Plaintiffs." [Doc. 6]. The Court **DIRECTS** Plaintiffs to, within five (5) days of the entry of this order, file their First Amended Complaint on the docket. Further, the Court **ORDERS** Plaintiffs to, within twenty-one (21) days of the entry of this order, serve Defendants with a summons and a copy of the First Amended Complaint and file proof of such service on the docket. See Fed. R. Civ. P. 4(m). The Court warns Plaintiffs that failure to comply with this directive will result in this action being dismissed without prejudice. See id.; see also id. 41(b); LR 41.3, NDGa.

**SO ORDERED**, this 21st day of July, 2022.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia